IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-0023-CVE |
| ) | (06-CV-0298-CVE) |
| AFTAB KHAN AHMED, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion for a Copy of the Grand Jury Transcript of his Testimony (Dkt. # 53). Defendant has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, partly based on his claim that the government failed to inform him that he was a target of an investigation when he testified before the grand jury. The government has filed a copy of the grand jury transcript under seal, and defendant requests a copy of the complete transcript of his testimony to use when he prepares his reply in support of his § 2255 motion. He claims that the government has had an opportunity to review the transcript, and he requests the same opportunity.

The Court must review defendant's motion under the standards set forth in Fed. R. Crim. P. 6(e). Under Rule 6, the Court may authorize disclosure of a grand jury transcript "preliminarily or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). When considering a request to disclose grand jury testimony, the Tenth Circuit has stated that there is a presumption against disclosure unless the moving party meets the demanding test established in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979). Lynde v. Rienks, 922 F.2d 1448, 1451-52 (10th Cir. 1991). The moving party must show that "the material [he] seek[s] is needed to avoid a

possible injustice in another judicial proceeding, that the need for disclosure is greater that the need for continued secrecy, and that [his] request is structured to cover only material so needed." Id. The most important consideration under Rule 6(e) is whether the moving party has made a "strong showing of particularized need" for a grand jury transcript. United States v. Warren, 747 F.2d 1339, 1347 (10th Cir. 1984). Once the movant has established a particularized need, he must still show that his need for disclosure outweighs the need for secrecy and that he has limited his request to avoid unnecessary disclosure. United States ex rel. Stone v. Rockwell Int'l Corp., 173 F.3d 757, 759 (10th Cir. 1999).

In this case, the Court finds that none of the requirements of Rule 6(e) has been satisfied. Defendant's motion simply asserts that he has not had the opportunity to review the grand jury transcript, but he does not show that has a particularized need for a transcript of his grand jury testimony. Thomas v. United States, 597 F.2d 656, 657 (8th Cir. 1979) (criminal defendant does not show substantial need for grand jury transcript based on a bare assertion that the transcript would assist him when preparing a § 2255 motion). The government has provided the Court with a copy of the grand jury transcript under seal, but the government's response does not include a single citation to the transcript. Defendant's argument that he was not informed that he was a target of a grand jury investigation is a legal argument, and the Court can address the merits of his argument without reviewing the grand jury transcript.[1] In addition, the Court has reviewed transcripts of the change of plea hearing and defendant's sentencing hearing, and finds that the government did not

---

[1] The government does not dispute defendant's factual allegations that he was not informed he was a target and that he was not advised of his Fifth or Sixth Amendment rights but, instead, argues that these issues do not provide a legal basis for relief under § 2255.

rely on statements from defendant's grand jury testimony to support his guilty plea or enhance his sentence.

Defendant has made no attempt to satisfy any of the requirements for disclosure of grand jury testimony under Rule 6(e), and his motion can be denied on that basis alone. United States v. Miramontez, 995 F.3d 56, 59 (5th Cir. 1993) (even though a court should construe a pro se defendant's pleadings liberally, defendant must still satisfy every element of Douglas Oil test to obtain grand jury transcript). Defendant has not shown that he has a particularized need for the transcript of his grand jury testimony or that the transcript would produce relevant evidence to support his § 2255 motion. The Court finds no basis to disturb the secrecy of the grand jury's proceedings, and defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a Copy of the Grand Jury Transcript of his Testimony (Dkt. # 53) is **denied**.

**DATED** this 1st day of May, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT